983 F.2d 1079
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Michael MALLERY, Defendant-Appellant.
 No. 91-30386.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 14, 1992.
 
 Before TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Michael Mallery appeals his jury conviction for conspiracy to distribute and distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Mallery claims, first, that a government agent's outrageous conduct violated his right to due process, second, that the agent entrapped him into committing the offenses, and third, that the district court should have granted him a new trial based on the weight of the evidence. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 I. Outrageous Government Conduct
 
 3
 We review de novo a district court's denial of a motion to dismiss an indictment based on outrageous government conduct. We review for clear error the factual findings that support the decision. United States v. McConney, 728 F.2d 1195, 1200 (9th Cir.), cert. denied, 469 U.S. 824 (1984). Law enforcement conduct becomes constitutionally unacceptable under the Due Process Clause when it "shocks the conscience" of the Court. United States v. Bogart, 783 F.2d 1428, 1438 (9th Cir.1986). We have barred prosecution for outrageous conduct only once, in Greene v. United States, 454 F.2d 783 (9th Cir.1972). In that case, we held, by contacting suspected bootleggers, supplying them with materials and sugar at wholesale price, and purchasing the still's product, "government agents engineer[ed]" ... the crime "from start to finish." United States v. Ramirez, 710 F.2d 535, 539 (9th Cir.1983).
 
 
 4
 Here, Mallery claimed that Mulligan, an informant for the Drug Enforcement Agency (DEA), got him addicted to cocaine, then told him he owed Mulligan for the cocaine he had shared with him and threatened to kill him if he did not repay Mulligan by selling cocaine to Dunne, a DEA agent. Mallery also claimed that Mulligan provided the cocaine for and received all of the proceeds from the six transactions he conducted with Agent Dunne. Mulligan contradicted Mallery's testimony at trial, and video and audio tapes of the drug transactions corroborated Mulligan's version of the facts. The district court concluded that this evidence fell short of proving that the government was on both the supply and the demand side of the crime. This conclusion is not clearly erroneous, see McConney, 728 F.2d at 1200, and the district court's denial of Mallery's motion to dismiss was proper. See Smith, 802 F.2d at 1124.
 
 II. Entrapment
 
 5
 Entrapment is established when it is shown by undisputed evidence that a government agent has persuaded an unwilling person to commit a crime. United States v. Smith, 802 F.2d 1119, 1124-25 (9th Cir.1986); United States v. Esquer-Gamez, 550 F.2d 1231, 1233 (9th Cir.1977). "[W]e will not disturb [a] jury's finding [of no entrapment] unless, viewing the evidence in the light most favorable to the government, no reasonable jury could have concluded that [the defendant] was predisposed to commit the charged offenses." United States v. Steinberg, 803 F.2d 422, 432 (9th Cir.1986) (citation omitted).
 
 
 6
 Here, again, Mallery claims Mulligan threatened to kill him if he refused to sell cocaine to Dunne. Although Mallery had no relevant criminal history, the evidence indicated, and the jury believed, that he was both predisposed and accustomed to dealing drugs. Mallery initiated contact with Dunne more than once and offered methamphetamine as well as cocaine for sale, using code words to arrange the deals over the telephone. We conclude, based on this evidence, that a rational jury could have inferred Mallery's predisposition to sell cocaine. Accordingly, we uphold the jury's conclusion that Mallery was not entrapped. See Steinberg, 803 F.2d at 432.
 
 III. Motion for New Trial
 
 7
 We leave undisturbed a district court's refusal to grant a new trial absent a plain abuse of discretion. United States v. Kenny, 645 F.2d 1323, 1343 (9th Cir.), cert. denied, 452 U.S. 920 (1981). A district court may grant a motion for a new trial if, after assessing the credibility of the witnesses, it concludes that the jury verdict is against the weight of the evidence. Tibbs v. Florida, 457 U.S. 31, 38 (1981).
 
 
 8
 Here, Mallery claims the jury's conclusion that he was predisposed to sell cocaine was against the weight of the evidence. It was undisputed that he had no record of dealing drugs and the evidence showed he had no reputation as a drug trafficker. It was also clear that Mulligan sought him out and suggested the original drug transaction. Moreover, he claims, Mulligan's long criminal history made him a less-than-credible witness.
 
 
 9
 Confronted with the same evidence, both the jury and the district court concluded that Mallery was predisposed to commit the crime charged. Audio and video tapes of the drug transactions buttressed Mulligan's testimony. Based on the record before us, we hold that the district court's denial of Mallery's motion for a new trial was not an abuse of discretion. See Kenny, 645 F.2d at 1343.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3